IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA        )  | |
|                                                            )  | |
| vs.                                                      )  | CRIMINAL NO.  04-00072-WS |
|                                                            )  | |
| LARRY THOMAS DACUS,         )  | |
|                                                            )  | |
| Defendant.                              )  | |

**ORDER**

On September 23, 2004, the Court sentenced the defendant to a term of twelve months and one day.  (Doc. 65).  In so doing, the Court rejected the defendant's request for a downward departure due to his "post-offense rehabilitative efforts." (Doc. 78 at 4).  Had such a downward departure been granted, the defendant would have been eligible for a split sentence.

On appeal, the parties agreed that the Court treated the sentencing guidelines as mandatory rather than advisory.  Because, following the Supreme Court's post-sentencing decision in *United States v. Booker*, 125 S. Ct. 738 (2005), it is error to treat the guidelines as mandatory, the defendant argued that his sentence should be vacated and reconsidered.  Because the defendant did not argue to this Court that the guidelines are not mandatory, the Eleventh Circuit reviewed his appellate argument to that effect under the "plain error" standard.  *United States v. Dacus*, 408 F.3d 686, 688 (11th Cir. 2005).

Satisfaction of the plain error test requires, inter alia, a "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge."  *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005).  The Eleventh Circuit, noting certain comments by the Court at sentencing, concluded from them that there was a "reasonable probability" that the Court would have granted a downward departure and imposed a split sentence had it not considered the guidelines as mandatory.  408 F.3d at 689.  Finding all elements of the plain error test to be satisfied, the Eleventh Circuit vacated the defendant's sentence and "remand[ed] to the district court for resentencing."  *Id*.

Treating the guidelines as advisory, the Court concludes that the defendant's original sentence

was appropriate and should be reinstated.  The defendant argues that his sentence should be reduced because of his post-offense rehabilitation efforts.  Of course, such efforts are taken into consideration in weighing acceptance of responsibility, so the defendant has already received the benefit of his efforts.  He nevertheless argues that he should receive a further reduction because his rehabilitation efforts have been extraordinary.  (Doc. 78 at 15).  The defendant makes this argument in the mistaken belief that such efforts are relevant to his offense level.  (*Id*. at 4).  However, the Eleventh Circuit has noted that such efforts "bear little if any relation to [the defendant's] just deserts" and are relevant, if at all, only in gauging his likelihood of recidivism and/or rehabilitation.  *United States v. Pickering*, 178 F.3d 1168, 1175 (11th Cir. 1999)(internal quotes omitted).  The Court concurs with this reasoning.  Because the defendant has no criminal history, the Court has already evaluated his recidivism/rehabilitation potential as favorably as it feels is warranted, and there is thus no justification for further reducing his sentence.[1]  Accordingly, treating the guidelines as advisory, the Court concludes that the defendant's sentence as originally imposed is appropriate.

A defendant has the right to be present at "the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing."  *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991).  He has no such right when remand is for a limited issue.  *United States v. Tamayo*, 80 F.3d 1514, 1518-19 (11th Cir. 1996).  In particular, "an appellate vacation of judgment for consideration in light of a particular decision is much more limited in nature than a general vacation by an appellate court, and its effect is not to nullify all prior proceedings."  *Id*. at 1520 (internal quotes omitted).  Because the Eleventh Circuit vacated only for reconsideration in light of *Booker*,[2] the sentencing package was not vacated in its

---

[1] *Cf. United States v. Stuart*, 384 F.3d 1243, 1247-48 (11th Cir. 2004)(when the guidelines were considered mandatory, a defendant with a criminal history category of I could not receive an adjustment for extraordinary post-offense rehabilitation).

[2] This was unquestionably the limited import of the remand order.  *See, e.g., United States v. Sanchez*, 2005 WL 1240261 at *2 (11th Cir. 2005)(remanded "for resentencing under an advisory guidelines scheme"); *United States v. Daniel*, 2005 WL 1220844 at *4 (11th Cir. 2005) (remanded "for resentencing in accord with the *Booker* decision"); *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005)(remanded "for resentencing in accordance with *Booker*"); *United States v.*

entirety.[3]

When the sentencing package is not vacated in its entirety, the defendant is entitled to be present only if the new sentence is "more onerous" than the old. *United States v. Tamayo*, 80 F.3d at 1519. Because the Court is not making the defendant's sentence more onerous, the defendant is not entitled to be present under this principle.[4]

The Court is able to determine the defendant's sentence without hearing additional evidence, both because the defendant proffered his evidence of post-offense rehabilitation efforts at sentencing and because, regardless of the quality of those efforts, as discussed above the Court concludes that they do not justify a lesser sentence. Thus, the defendant has no right to present additional evidence before resentencing. *See United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003)(where the trial court determined it could rely on the evidence already presented to resolve the *Apprendi* issue on which remand was based, "[t]his determination obviated Appellants' entitlement to have new evidence presented prior to resentencing")(citing *United States v. Tamayo*, 80 F.3d at 1520).

Considering the guidelines as advisory, and considering all the factors identified in 18 U.S.C. § 3553(a), the Court concludes that the sentence originally imposed is appropriate under the circumstances. That sentence addresses the seriousness of the offense and meets the sentencing objectives of punishment, deterrence and incapacitation. Upon consideration of all matters presented, it is the judgment of this Court that the defendant's sentence as entered on September 23, 2004, (Doc. 65), be reimposed in its entirety.

---

*Nava*, 2005 WL 1189632 at *2 (11th Cir. 2005)(remanded "for resentencing consistent with *Booker*").

[3]Because sentencing under *Booker* requires the district court "to calculate the Guidelines sentencing range in the same manner as before *Booker*," *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005), remand in light of *Booker* cannot vacate the sentencing package "in its entirety." *Cf. United States v. Tamayo*, 80 F.3d at 1519-20 (where the defendant's sentence was vacated to determine if an unadjudicated nolo contendere disposition qualified for inclusion in the defendant's criminal history, "clearly the entire sentencing package was not to be revisited on remand").

[4]Accordingly, the defendant's motion for release to attend resentencing, (Doc. 107), is **denied**.

DONE and ORDERED this 18th day of July, 2005.

                                              <u>s/ WILLIAM H. STEELE</u>
                                              UNITED STATES DISTRICT JUDGE