# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO. 04-00072-WS** |
| ) | |
| **LARRY THOMAS DACUS,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

This matter is before the Court on the defendant's motion to reconsider the Court's order re-imposing the same sentence upon remand from the Eleventh Circuit. (Doc. 111). The defendant argues that the Eleventh Circuit vacated his sentence in its entirety, requiring a new sentencing hearing for allocution and the presentation of evidence, which he identifies. The government has not responded.

In its earlier order, the Court concluded that remand based only on statutory *Booker* error[1] does not constitute vacation of the sentence in its entirety. (Doc. 109). Thus, the defendant had no right to be present or to allocute on remand.[2] Believing that the defendant's only argument on remand would be the effect of his post-offense rehabilitation efforts — which issue the Court had definitively resolved before sentencing on grounds that additional evidence could not undermine — the Court concluded that no opportunity to present additional evidence was required.[3]

Upon further review, the Court determines that remand based only on statutory *Booker* error should be treated as encompassing vacation of the sentence in its entirety. While the dividing line

---

[1] That is, remand based on the Court's treatment of the guidelines as mandatory rather than on the Court's finding of facts which the Sixth Amendment requires to be found by a jury or on the Court's misapplication of the guidelines.

[2] *United States v. Ramsdale*, 179 F.3d 1320, 1324 (11th Cir. 1999); *United States v. Tamayo,* 80 F.3d 1514, 1518-19 (11th Cir. 1996).

[3] *United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003)(where the trial court determined it could rely on the evidence already presented to resolve the *Apprendi* issue on which remand was based, "[t]his determination obviated Appellants' entitlement to have new evidence presented prior to resentencing").

between such vacations and more limited remands remains murky, the Eleventh Circuit has expressly stated in several decisions remanding for statutory *Booker* error that the sentence is vacated "in its entirety."[4] Since it seems doubtful that some remands for purely statutory *Booker* error could vacate the sentence in its entirety while others work a more limited remand, for present purposes the Court will assume that the defendant's sentence has been vacated in its entirety despite the Eleventh Circuit's failure to say so.[5] Accordingly, the defendant's motion to reconsider is **granted**.

The defendant has previously identified the evidence he desires to offer for purposes of re-sentencing. (Doc. 111 at 1-2). The defendant is **ordered** to file and serve, on or before **August 25, 2005**, a statement of position as to whether hearing or argument is required prior to re-sentencing, given the Eleventh Circuit's indication that, following remand for statutory *Booker* error, a defendant may present only evidence that was not relevant under a mandatory guidelines regime.[6]

While a defendant apparently has the right to be present and to allocute when he is re-

---

[4]*See United States v. Martinez*, 407 F.3d 1170, 1174 (11th Cir. 2005); *United States v. Barnes*, 2005 WL 1540128 at *2 (11th Cir. 2005); *United States v. Crawford*, 133 Fed. Appx. 612, 621 (11th Cir. 2005); *United States v. Cash*, 131 Fed. Appx. 200, 202 (11th Cir. 2005).

[5]As noted in the Court's earlier order, the Eleventh Circuit has stated that "our court has been explicit when it is vacating an *entire* original sentencing package as opposed to remand for resentencing on a single issue." *United States v. Tamayo*, 80 F.3d at 1519 n.7 (emphasis in original)(quoting a case expressly "vacat[ing] [a] sentence in its entirety"). The divergent language employed in the appellate court's statutory *Booker* remand orders suggests that thaumaturgical language may not be required to conclude that a vacation of sentence is in the entirety.

[6]*United States v. Rolle*, 2005 WL 1715747 at *1 n.1 (11th Cir. 2005)("Because we vacate appellant's sentences and remand the case for a new sentencing hearing — in which the court may consider evidence and arguments deemed irrelevant under the pre-*Booker* sentencing scheme — we do not address" his challenge to the district court's guidelines calculations).
This pronouncement is consistent with the rule that, "upon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision." *United States v. Whren*, 111 F.3d 960 (D.C. Cir. 1997); *accord United States v. Quintieri*, 306 F.3d 1217, 1228 n.6 (2nd Cir. 2002)(following the First, Fifth, Seventh and D.C. Circuits).

sentenced following a vacation of his sentence in its entirety,[7] both rights can be waived.[8] The defendant is **ordered** to file and serve, on or before **August 25, 2005**, a statement of position as to whether he waives any right to be present or to allocute, given the disruption of his living situation that the exercise of such rights would entail,[9] the ability of other witnesses to offer permitted evidence, and other factors. Defense counsel is instructed to confer with the defendant concerning these matters before submitting his statement of position.

The government is **ordered** to file and serve, on or before **August 25, 2005**, a statement of position identifying any evidence it intends to present for purposes of re-sentencing and demonstrating why the evidence has been made newly relevant by *Booker*.

DONE and ORDERED this 16th day of August, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] *See* Fed. R. Crim. P. 43(a)(3)(defendant's presence required at sentencing); *id.* 32(i)(4)(A)(defendant must be provided the opportunity to speak "[b]efore imposing sentence"); *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994)(resentencing following vacation in the entirety constitutes the imposition of sentence for purposes of Rules 32 and 43).

[8] *See United States v. Rodriguez-Velasquez*, 132 F.3d 698, 699 (11th Cir. 1998); Fed. R. Crim. P. 43(c)(1)(B).

[9] Among any other relevant considerations, presence at resentencing would remove the defendant from his current place of incarceration with no guarantee of return to that facility or his present cell; would interrupt his participation in any drug treatment or other rehabilitation program, completion of which may be required in order to obtain a reduction in his sentence; and would require interim housing at various local jail facilities.